UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELA BURNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19CV2518 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>UNITED STATES OF AMERICA'S RESPONSE TO PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>**

On September 6, 2019, Petitioner Kela Burns ("Burns") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. *Kela Burns v. United States,* 4:19CV2518 RWS ("Civil Case"), District Court Docket ("DCD") 1. On September 17, 2019, Burns filed a supplemental memorandum in support of her motion, which she, thereafter, amended on September 26, 2019, and October 16, 2019. DCD 3, 6 and 13. On November 15, 2019, Burns filed another motion to amend her original Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255, to eliminate grounds five through nine in her petition. DCD 19.

This response is in compliance with the Court's Order to show cause why the relief requested in Burns' motion should not be granted. Based on the reasons set forth below, the United States respectfully requests this Court dismiss Burns' claims.

1

## I.     RELEVANT FACTUAL BACKGROUND

Based upon an investigation by the Social Security Administration - Office of Inspector General, on April 4, 2018, a federal grand jury indicted Burns on four counts of Bank Fraud pursuant to Title 18, United States Code, Section 1344, and five counts of Social Security Fraud pursuant to Title 42, United States Code, Section 408(a)(7)(B).   DCD 2, Criminal Case Number 4:18CR00284 RWS.   As Burns admitted in her plea agreement, between May 27, 2016 and November 16, 2016, she used the social security number of another individual and fraudulent documents to open financial accounts and obtain motor vehicle loans from federally insured financial institutions.   DCD 48, Criminal Case Number 4:18CR00284 RWS, 7.

Due to a concurrent investigation being conducted by the Internal Revenue Service, additional allegations were presented to the United States District Court through a superseding information filed on December 21, 2018.   In addition to charges that Burns engaged in Bank Fraud and Social Security Fraud, the superseding information contained allegations that defendant assisted in the preparation of fraudulent tax returns pursuant to Title 26, United States Code, Section 7206(2); fraudulently effecting transactions pursuant to Title 18, United States Code, Section 1029(a)(5); and aggravated identity theft pursuant to Title 18, United States Code, Section 1028A.   DCD 46, Criminal Case Number 4:18CR00284 RWS.

On December 21, 2018, Burns entered a plea of guilty to the charges set forth in the superseding information.[1]   DCD 48, Criminal Case Number 4:18CR00284 RWS.   Through the

---

[1]  Change of Plea TR. 6-8; DCD 47, Criminal Case Number 4:18CR00284 RWS.   Before accepting Burns' guilty plea, this Honorable Court questioned Burns and reviewed her written waiver to determine that she knowingly and voluntarily waived her right to indictment by a Grand Jury.

plea agreement, Burns acknowledged that the tax loss resulting from the fraudulent claims she submitted to the Internal Revenue Service for the tax years of 2015 through 2017 exceeded $335,000.00.[2]   DCD 46, Criminal Case Number 4:18CR00284 RWS, 4-7.   Consequently, the parties agreed that the tax loss exceeded $250,000.00, and that 18 levels would be imposed pursuant to § 2T1.4.   DCD 46, Criminal Case Number 4:18CR00284 RWS, 10.   The parties also stipulated that the losses calculated pursuant to § 2B1.1(b)(1) exceeded $250,000.00 due to Burns' commission of the Bank Fraud, Social Security Fraud, and Effecting Fraudulent Transaction activities charged in the superseding information.   DCD 46, Criminal Case Number 4:18CR00284 RWS, 9.

Before accepting the plea agreement, this Honorable Court sought to ensure that defendant understood the offer and her rights.   Burns' competency to proceed were established when she announced that she: (1) possessed a master's degree; (2) did not have any difficulty in reading the documents in the case; (3) was not under the care of a psychiatrist or psychologist; (4) was not under the influence of drugs or alcohol; and (4) understood the purpose of the proceedings. Change of Plea TR. 4-5.   Both counsel, Assistant United States Attorney Tracy L. Berry and retained counsel William K. Chapman-Kramer, noted their belief that Burns was competent to proceed.   Change of Plea TR. 5.

---

[2]DCD 46, Criminal Case Number 4:18CR00284 RWS, 7.   The losses associated with Burns' fraudulent use of the social security number of another individual and fraudulent documents to obtain bank loans exceeded $98,000.00.

This Honorable Court also ensured that Burns had sufficient time to discuss her case with her attorney and was satisfied with his representation of her.   Change of Plea TR. 10.   Burns offered an affirmative response to each of the queries.   Change of Plea TR. 10.

Burns also informed this Honorable Court that no one had threatened, forced, or coerced her into entering the plea that gave rise to the § 2B1.1(b)(1) and § 2T1.4 loss calculations.   Change of Plea TR. 12.   Not only did Burns read the stipulation before signing it, but she also went over it with her counsel, and he answered all of her questions.   Change of Plea TR. 12.   As a result, Burns believed that she understood everything in the plea agreement.   Change of Plea TR. 12.

Other than disputes as to enhancements for an offense involving sophisticated means pursuant to Section 2T1.4(b)(2) and Burns' role in the tax fraud offense pursuant to § 3B1.1(a), Burns agreed that the contents of the stipulation were true to the best of her knowledge.   Change of Plea TR. 13, 17-18; DCD 48, Criminal Case Number 4:18CR00284 RWS, 10-11.   Regarding the total offense level for the tax offense charged in Count 1 of the superseding information, Burns recognized that the enhancements sought by the Government would result in a total offense level of 24, while her disputes would lower the total offense level to 18.   Change of Plea TR. 18; DCD 48, Criminal Case Number 4:18CR00284 RWS, 11.

This Honorable Court accepted Burns' plea of guilty to the superseding information when she acknowledged the truth of the Government's factual basis for the plea, and Burns reiterated her desire to plead guilty.   Change of Plea TR. 27, 30-31.

On February 8, 2019, the United States Probation Office disclosed the initial presentence investigation report.   DCD 51, Criminal Case Number 4:18CR00284 RWS.   Because the report

failed to include the enhancements for sophisticated means pursuant to § 2T1.4(b)(1)(B)[3] and role in the offense pursuant to § 3B1.1(a), the Government filed an objection to the presentence investigation report.   DCD 52, Criminal Case Number 4:18CR00284 RWS, 1.   In the revised final presentence investigation report filed on April 17, 2019, the Probation Office included the sophisticated means enhancement, but continued to deny the applicability of the role in the offense adjustment.   PSR 9, 26.

Counsel for Burns also filed objections to the presentence investigation report.   However, the objections did not deny the applicability of any of the guideline enhancements.   Burns focus was upon restitution ordered on behalf of one of the financial institutions, which granted a fraudulent loan, and the portrayal of Burns' adjustment while on pretrial release.   DCD 54, Criminal Case Number 4:18CR00284 RWS.   The Probation Office revised the final presentence investigation report to reflect Burns' account of her missed appointment, and to reduce the restitution from $414,841.36 to $382,568.57. PSR 27.   Burns' objections were considered moot as a result of the revisions. PSR 27.

Burns' counsel filed a notice for a sentence below the guideline range on March 5, 2019. DCD 55, Criminal Case Number 4:18CR00284 RWS.   The pleading referenced factors identified by the Probation Office that might warrant a downward variance and imposition of a non-guideline sentence. DCD 55, Criminal Case Number 4:18CR00284 RWS.   Although the paragraph identified a variety of factors, it did not reference a history of spousal abuse. See, PSR 19.

---

[3] DCD 52, Criminal Case Number 4:18CR00284 RWS, 1.   The Government mistakenly referred to § 2B1.1(b)(10)(C) when referencing the sophisticated means enhancement rather than §2T1.4(b)(1)(B), as the activity was related to the tax offense rather than the general fraud offenses charged.

However, the sentencing memorandum Burns' counsel filed on March 11, 2019, clearly sets forth the allegations of domestic violence as a basis for a downward departure under § 5K2.12.   DCD 62, Criminal Case Number 4:18CR00284 RWS.   According to defense counsel, at the time of the offense, Burns suffered physical, mental, and emotional abuse by her husband.   DCD 62, Criminal Case Number 4:18CR00284 RWS, 10.   His physical abuse and manipulation were alleged to have resulted in pressure to engage in the charged conduct.   DCD 62, Criminal Case Number 4:18CR00284 RWS, 10.

In its response filed on March 13, 2019, the Government noted that it lacked corroborating information about the abuse alleged by Burns through the protective order she obtained on January 31, 2018.   DCD 64, Criminal Case Number 4:18CR00284 RWS, 2-3.   The Government also presented facts that undercut Burn's claims that she engaged in the charged criminal activity due to duress from her husband.   DCD 64, Criminal Case Number 4:18CR00284 RWS, 2. Specifically, the Government argued:

1.   Burns, rather than her husband, was the initial source as to how to obtain and use the social security numbers of others;

2.   Her husband was not involved in the fraudulent tax preparation scheme;

3.   Burns continued to fraudulently file false returns and operate her tax preparation business after her husband's death in February 2018;[4]

4.   Burns operated her fraudulent tax preparation business until the execution of a search warrant in April 2018;[5] and,

---

[4] Sentencing TR. 26.   Special Agent Joel Ferris testified that defendant's husband died on February 2, 2018.
[5] DCD 71, Criminal Case Number 4:18CR00284 RWS; DCD 77, Criminal Case Number 4:18CR00284 RWS.   Burns' pretrial release was revoked on April 15, 2019, because Burns filed 20 fraudulent tax returns for the 2018 tax year after she entered her change of plea on December

    5.   Up through the date of sentencing, and more than a year after her husband's death, defendant continued to use the social security number of a minor child in maintaining the financing of the fraudulently obtained vehicle she continued to use.

DCD 64, Criminal Case Number 4:18CR00284 RWS, 2.

When the sentencing hearing commenced on April 22, 2019, this Honorable Court inquired as to whether defense counsel and Burns had the opportunity to read, review, and discuss the presentence report.   Sentencing TR. 3.   Defense counsel responded in the affirmative. Sentencing TR. 3.   Burns addressed this Honorable Court later by reiterating the reasons for departure noted in the presentence investigation report, but refraining from asserting that her criminal conduct resulted from spousal abuse.   Sentencing TR. 47.

At the conclusion of the Government's proof and the parties' arguments, this Honorable Court determined that the total offense level was 23.   Sentencing TR. 46.   With a criminal history category level I, the applicable guideline range was 46 to 57 months incarceration.   Sentencing TR. 46.   The mandatory 24-month term of incarceration for the aggravated identity theft violation resulted in a guideline range of 70 to 81 months incarceration.   Sentencing TR. 46-47.   Pursuant to § 3553(a), this Honorable Court fashioned an aggregate sentence of 44 months incarceration, which represented a 20-month guideline sentence and the mandatory 24-month sentence for aggravated identity theft.   Sentencing TR. 52-53.

---

21, 2018, and more than a year after her husband's death.    The information about the 20 additional returns was not included in the Government's response because it was not known until April 2, 2019.

## II.     PRINCIPLES GENERALLY APPLICABLE TO SECTION 2255 MOTIONS

In general, to state a claim for relief under Title 28, United States Code, Section 2255, a federal prisoner must prove one of the following: (1) her sentence was imposed in violation of the laws or Constitution of the United States; (2) the sentencing court did not have jurisdiction to impose the sentence; (3) her sentence exceeded the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.    28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424 (1962).    The defendant bears the burden of proving by a preponderance of the evidence that she is entitled to relief in cases involving collateral attack on a criminal conviction.    *United States v. Skinner*, 326 F.2d 594, 597 (8th Cir. 1964).

Section 2255 is not designed to provide a remedy for "all claimed errors in conviction and sentencing."    *United States v. Addonizio*, 442 U.S. 178, 185 (1979).    Instead, a Section 2255 cause of action is intended only to correct an error, which rises to the level of a "fundamental defect" which "inherently results in a complete miscarriage of justice."    *Hill*, 368 U.S. at 427.

### A.     Ineffective Assistance of Counsel

A movant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to Section 2255.    *DeRoo v. United States*, 233 F.3d 919, 925 (8th Cir. 2000).    Claims alleging ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).    "This standard requires [the movant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains both a performance and prejudice prong:

Under the performance prong, the court must apply an objective standard and
"determine whether, in light of all the circumstances, the identified acts or
omissions were outside the wide range of professionally competent assistance,"
*Strickland*, 46 U.S. at 690, while at the same time refraining from engaging in
hindsight or second-guessing of trial counsel's strategic decisions.  *Id.* at 689.
Assuming the performance was deficient, the prejudice prong "requires proof 'that
there is a reasonable probability that, but for a counsel's unprofessional errors, the
result of the proceeding would have been different.'"

*Lawrence*, 961 F.2d at 115 (quoting *Strickland*, 466 U.S. at 694).    Failure to satisfy both prongs

is fatal to the claim.    *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (holding there is no need

to "reach the performance prong if [the court] determine[s] that the defendant suffered no prejudice

from the alleged ineffectiveness"); *see also DeRoo*, 223 F.3d at 925.

With respect to the first prong, in evaluating counsel's conduct, the court should avoid "the

distorting effects of hindsight," *Strickland*, 466 U.S. at 689; and "try to evaluate counsel's conduct

by looking at the circumstances as they must have appeared to counsel at the time."  *Rodela-

Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (quotation omitted).   A court "must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance."   *Id.* (quoting *Strickland*, 466 U.S. at 689). Counsel's strategic decisions

"made after a thorough investigation of law and facts . . . are virtually unchallengeable," even if

that strategic decision proves unwise. *Strickland*, 466 U.S. at 690. Whether a court agrees with a

defense counsel's strategy or analysis is not the test to be followed.   *Rodela-Aguilar*, 596 F.3d at

464 (citing *Wing v. Sargent*, 940 F.2d 1189, 1191-92 (8th Cir.1991)).

A court, however, may not need to determine whether a movant meets the "performance"

prong of the *Strickland* test.    "'If it is easier to dispose of an ineffectiveness claim on the ground

of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"

*Young v. Bowersox*, 161 F.3d 1159, 1160 (8th Cir. 1998) (quoting *Strickland*, 466 U.S. at 697),

*cert. denied*, 528 U.S. 880 (1998); *see also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir.) (holding if the defendant makes an insufficient showing on one component, the court need not address both components), *cert. denied*, 531 U.S. 829 (2000).

With regard to the second prong, the movant also must show that the outcome would have been different had the alleged defect been corrected.   This showing must include an analysis of the probability that the relief would have been granted by the Court.   *See DeRoo*, 223 F.3d at 925 (if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating that resolution of the prejudice inquiry will depend largely on the likelihood of success if the alleged error were corrected).

## B.      Evidentiary Hearing

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)). In determining whether a petitioner is entitled to an evidentiary hearing, the court must consider "[a] petitioner's allegations . . . as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States,* 679 F.3d 1013, 1014 (8th Cir. 2012). The court need not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). No hearing is required when "the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 96, 963 (8th Cir. 2007).

III.   <u>**ANALYSIS**</u>

In her initial motion, Burns raises the following claims for post-conviction relief:  (1) denial of effective assistance of counsel because defense counsel failed to present arguments regarding additions made to the final presentence report ("PSR"); (2) denial of effective assistance of counsel because defense counsel failed to present arguments regarding a fine that the IRS already imposed; (3) denial of effective assistance of counsel because defense counsel failed to meet with Burns at the county jail prior to the sentencing hearing; and (4) denial of effective assistance of counsel because defense counsel failed to present arguments regarding Burns' abusive marriage.   Civil Case, DCD 1.

Each of Burns' claims fails on the merits. Accordingly, the Court should dismiss Burns' Section 2255 Motion.

*i.        Burns Has Failed to Demonstrate That Her Attorneys' Performance Was Objectively Deficient in Connection With the Alleged Arguments Not Put Forth During the Sentencing Hearing.*

As outlined above, Burns attacks her counsel's performance during the sentencing process in this case. It is Burns' burden to overcome the strong presumption that her attorney rendered adequate assistance and made all significant decisions in the exercise of professional judgment. *See Hall v. Luehbers*, 296 F.3d 685, 692 (8th Cir. 2002).    She has failed to do so.

Burns alleges that her counsel failed to object to the addition of information to the PSR prior to her sentencing in this matter, he did not argue facts surrounding her alleged abusive marriage and he did not properly argue on her behalf regarding an IRS fine that had been previously imposed.    First, the record reflects that information regarding Burns' allegedly abusive marriage was outlined in a sentencing memo, discussed in the PSR, and at sentencing. Sentencing TR. 50.   Even further, the government put forth testimony from an IRS employee

regarding Burns' criminal activity, and the defendant had an opportunity to cross-examine the IRS agent. Sentencing TR. 6-21. Thus, if she so chose, Burns had an opportunity to address any concerns with the IRS aspect of the case. Also, during her sentencing hearing, the Court asked Burns' counsel if he and Ms. Burns had the opportunity to read, review and discuss the PSR, to which counsel replied "yes." Sentencing TR. 3.   At that time, Burns and her counsel also agreed that they had no objections to the factual statements in the PSR. *Id.*   Therefore, great weight should be given to the "representations of the defendant … as well as findings made by the judge" as they "constitute a formidable barrier to any subsequent collateral proceedings."   *Blackledge v. Allison*, 431 U.S. 63, 71 (1977) (holding that "solemn declarations in open court carry a strong presumption of verity.").

Even further, Attorneys Taaffe and Chapman-Kramer's performance was anything but constitutionally deficient. On the contrary, Burns' allegations are contradicted by her sworn statements during the plea that she had no complaint with her attorney's performance whatsoever. Change of Plea TR. 10.   Also, during the course of the case, Burns expressed no concerns about the plea agreement or her counsel's performance before sentencing.   Burns knew how to address them with the Court, and would have done so at the sentencing.    In light of the record, her current allegations are "inherently incredible," and nothing but self-serving and conclusory allegations. *See United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005).

On this record, it is clear that Burns' attorneys' performance more than exceeded prevailing professional norms. *See Rompilla v. Beard*, 545 U.S. 374, 380 (2005). As such, their performance was not deficient.

ii.      ***Burns Cannot Show Prejudice Because She Cannot Prove Her Decision to Plead Guilty or the Plea Negotiations Would Have Been Different Had the Alleged Deficiency Not Occurred.***

Even if Burns could demonstrate deficient performance by her attorneys, she cannot prevail, because she cannot show prejudice.   Specifically, Burns fails to demonstrate that "there is a reasonable probability that, but for counsel's error, she would not have pleaded guilty and would have insisted on going to trial."   *Lockhart*, 474 U.S. at 56-57; *see also Regenos*, 405 F.3d at 693 (holding that prejudice prong requires a showing that the result of the plea negotiations process would have been different).   Nowhere does Burns assert that, but for her counsel's alleged errors, she would have gone to trial.

In addition, to establish prejudice in the sentencing context, a defendant must show a reasonable probability that, but for counsel's errors, the defendant would have received a lesser sentence than she did.   *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013) (citing *Puckett v. United States*, 556 U.S. 129, 142 n. 4 (2009)); *see also United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004) (to prove *Hill's* prejudice prong, defendant must demonstrate a reasonable probability that, but for his attorney's actions, he would have received a "significantly less harsh" sentence).   Here, attorney Chapman-Kramer made objections to the PSR, and the Court granted an objection, which placed Burns' calculated total offense level at two levels lower than originally calculated. Sentencing TR. 34.   Therefore, the applicable guideline range was 70 to 81 months of incarceration. Sentencing TR. 46-47.   Following, based on counsel's zealous advocacy, Burns received an aggregate sentence of only 44 months incarceration. Sentencing TR. 52-53.   Thus, counsel's performance at sentencing was highly effective and produced a lesser sentence for Burns.

13

Even though the Government has demonstrated that Burns' counsel was not ineffective for the reasons stated above, this Court need not address the competency of counsel's performance if the prejudice issue is dispositive.

> In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the grounds of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697; see also *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1008) ("we need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice"); *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998) (same).    Here, Burns in no way demonstrates how she was prejudiced by any of the alleged deficiencies on the part of her counsel. Under these circumstances, Burns has wholly failed to demonstrate the prejudice necessary to entitle her to relief.

Furthermore, vague and conclusory allegations are insufficient to support a claim under 28 U.S.C. § 2255. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). Although a *pro se* Section 2255 petitioner is allowed a more liberal construction than in other civil proceedings, she must still allege facts with "sufficient specificity." *Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001) (citing *Cooper v. Schriro*, 189 F.3d 781, 785 (8th Cir. 1999)). Conclusory allegations, unsupported by specific facts, are subject to summary dismissal. *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982); *see also Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988) (holding hearing not required where claim is based solely on "vague, conclusory, or palpably incredible allegations or unsupported generalizations"). As a result, Burns' vague and conclusory allegation should be

summarily dismissed.   Lastly, after Burns' sentence was imposed by the Court, Burns (through her counsel) advised that she had no objections to the Court's findings of fact, conclusions of law, the manner in which the sentence was pronounced, or the manner in which the hearing was conducted. Sentencing TR. 57.

<u>**CONCLUSION**</u>

For the reasons set forth above, the United States respectfully requests that this Court dismiss Burns' Section 2255 motion. Furthermore, because the files and records of this case conclusively show that she is not entitled to relief, an evidentiary hearing is unnecessary. *Rogers v. United States,* 1 F.3d 697, 699 (8th Cir.1993); *United States v. Schmitz,* 887 F.2d 843, 844 (8th Cir.1989); *Dall v. United States,* 957 F.2d 571, 573 (8th Cir.1992).

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Jennifer A. Winfield*
JENNIFER A. WINFIELD, #53350MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
jennifer.winfield@usdoj.gov
(314) 539-2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2019, the foregoing was filed electronically with the

Clerk of the Court to by operation of the Court's electronic filing system and mailed to *pro se*

defendant:

> KELA BURNS #47659-044
> Greenville Federal Prison Camp
> P.O. Box 6000
> Greenville, IL 62246-6000

> *s/ Jennifer A. Winfield*
> JENNIFER A. WINFIELD, #53350MO

16